---

### Circuit Court Case No. 16-55417

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### ROSANTO ORDINARIO
### PLAINTIFF – APPELLANT,

### V.

### LVNV FUNDING, LLC, ET AL
### DEFENDANTS – APPELLEES.

---

## ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

### DISTRICT COURT CASE NO.:
### 13-CV-02804-LAB-NLS

---

### APPELLANT'S REPLY BRIEF

---

### *Attorneys for Appellant-Plaintiff:*

Clinton Rooney (CA State Bar # 221628)
rooneycdi@gmail.com
Stephen G. Recordon (CA State Bar # 91401)
sgrecordon@aol.com
**Recordon & Recordon**
225 Broadway Ste 1900
San Diego, CA 92101
Telephone Number: (619) 232-1717

Robert L. Hyde (CA State Bar # 227183)
bob@westcoastlitigation.com
Joshua B. Swigart (CA State Bar # 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Ste 101
San Diego, CA 92108-3609
Telephone Number: (619) 233-7770

---

## Table of Contents

Table of Contents..................................................................................................i

Table of Authorities - Case Law ......................................................................iii

Table of Authorities - United States Code .......................................................ix

Table of Authorities - California Civil Code ...................................................ix

Table of Authorities - Delaware Code ...............................................................x

Table of Authorities - Other Authority.............................................................x

I.    Appellee's attempt at limiting California's intermediate appellate court decisions are futile ..............................................................................1

II.   Appellee has failed to meet the Ninth Circuit's standard for waiver set out in *Clark v. Capital Credit & Collection Svcs.*, Inc. ...............................8

III.  Appellee's numerous other ancillary arguments and issues are meritless ......10

   A.  Argument concerning California state procedural law is inapposite............10

   B.  Federal substantive law is applicable here ..................................................11

      1.  The least sophisticated debtor standard applies here ..............................13

      2.  California state procedural law does not preempt federal law ................13

      3.  Appellee's state court claims were time barred under any scenario ......15

         a.  Brief factual background..................................................................15

      4.  Delaware law governs the account here..................................................16

      5.  LVNV's Open Boon Account claims were time barred under both Delaware and California law ................................................................19

6. LVNV's Account Stated claims were time barred under both Delaware and California law ................................................................21

7. In any case, LVNV's claims are time barred under both Delaware and California law ...............................................................22

8. LVNV's Assumpsit claims were also time barred under both Delaware and California law ....................................................24

   a. Delaware Law ................................................................24

   b. California Law ...............................................................24

9. Pairing contractual and quasi-contractual claims does not confer a four year statute of limitations on a quasi-contractual claim .........................26

IV. Certificate of Service .........................................................(a)

## Table of Authorities

## Case Law

*Ansari v. Elec. Document Processing Inc.,*

    2013 U.S. Dist. LEXIS 124798 (N.D. Cal. Aug. 28, 2013) ...........................7

*Bailey v. Hoffman,*

    99 Cal App 347 (1929) ....................................................................23, 26

*Banga v. Equifax Info. Servs. LLC,*

    2015 U.S. Dist. LEXIS 79342 (N.D. Cal. June 18, 2015) .............................4

*Bonilla v CACH, LLC,*

    Case No. 14-cv-0465 W BLM (SD Cal, March 30, 2015)............................7

*Boon v. Prof'l Collection Consultants,*

    958 F. Supp. 2d 1129 (S.D. Cal. 2013) ...................................................5, 7-8

*Boon v. Prof'l Collection Consultants,*

    978 F. Supp. 2d 1157 (S.D. Cal., Oct 17, 2013)....................................18, 19

*Bowden v. Robinson,*

    67 Cal App 3d 705 (1977) ...........................................................................25

*Butler v. Resurgence Fin., LLC,*

    521 F. Supp. 2d 1093 (C.D. Cal. 2007) ......................................................3, 7

*Clark v. Capital Credit & Collection Servs., Inc.,*

    460 f.3d 1162 (9th Cir. 2006)...............................................................passim

*Daniel v. Ford Motor Co.,*

806 F3d 1217 (9th Cir. 2015) ...........................................................6

*Do v. Hollins Law, P.C.,*

2013 U.S. Dist. LEXIS 109867 (N.D. Cal. Aug. 5, 2013) .............................7

*Doe v. Gangland Productions, Inc.,*

730 F3d 946 (9th Cir. 2013) ...........................................................2

*Dunzweiler v Sup Ct.,*

267 Cal App 2d 569 (1968) ...........................................................11

*English v. Gen. Elec. Co.,*

496 U.S. 72, 110 S. Ct. 2270, 110 L. Ed. 2d 65 (1990) ...............................14

*Estate of Martin v. California Dept. of Veterans Affairs,*

560 F3d 1042 (9th Cir. 2009)...................................................1-2

*FDIC v Dintino,*

167 Cal App 4th 333 (2008)...............................................25, 26

*Fall v. Lincoln Mortgage Co.,*

115 Cal App 651 (1931) .....................................................24, 27

*Franck v. J.J. Sugarman Co.,*

40 Cal 2d 81 (1952)...............................................................25

*Furlow Pressed Brick Co v. Balboa Land & Water Co.,*

186 Cal 754 (1921)...............................................................23

*Gerber v. Citigroup, Inc.,*

    2009 U.S. Dist. LEXIS 11657 (E.D. Cal. Jan. 28, 2009) ...........................3, 7

*Gonzales v. Arrow Financial Services, LLC,*

    660 F 3d 1055 (9th Cir 2011) ....................................................................9, 15

*Guerrero v. RJM Acquisitions LLC,*

    499 F.3d 926 (9th Cir. 2007) .........................................................................13

*Hambrecht & Quist Venture Partners v. American Medical Internat., Inc.,*

    38 Cal.App.4th 1532 (1995)....................................................................17, 19

*Havlicek v. Coast-to-Coast Analytical Services,*

    39 Cal. App. 4th 1844 (1995) .................................................................17, 18

*Holmes v. Electronic Document Processing, Inc.,*

    966 F. Supp. 2d 925 (N.D. Cal, August 5, 2013) ............................................7

*Huy Thanh Vo v. Nelson & Kennard,*

    931 F. Supp. 2d 1080 (E.D. Cal. Mar. 15, 2013)............................................6

*Ileto v. Glock Inc.,*

    349 F3d 1191 (9th Cir. 2003) ........................................................................1

*In re Schwarzkopf,*

    626 F3d 1032 (9th Cir. 2010) ........................................................................2

*Insurance Co. of Penn. v. Associated Int'l Ins. Co.,*

    922 F2d 516 (9th Cir. 1990) ..........................................................................2

*Johnson v. Eaton,*

    873 F.Supp. 1019 (M.D.La.1995)....................................................................12

*Johnson v. JP Morgan Chase Bank,*

    536 F. Supp. 2d 1207 (E.D. Cal. 2008) ...........................................................7

*Komarova v. National Credit Acceptance, Inc.,*

    2009 Cal. App. LEXIS 1024 (Cal. App. 1st Dist. June 25, 2009)..........passim

*LVNV Funding, LLC v. Rosanto Ordinario, et al,*

    Case Number 37-2012-00086895-CL-CL-CTL..............................................8

*Mello v. Great Seneca Fin. Corp.,*

    526 F. Supp. 2d 1024 (C.D. Cal. 2007) ...........................................................7

*Nedlloyd Lines B.V. v. Superior Court,*

    3 Cal.4th 459 (1992)...............................................................................17, 19

*Nelson v. Flintkote,*

    172 Cal. App. 3d 727 (1985) .........................................................................10

*New York v. Hill,*

    528 U.S. 110 (U.S. 2000) ..............................................................................12

*Oei v. N Star Capital Acquisitions, LLC,*

    486 F. Supp. 2d 1089 (C.D. Cal. 2006) ...........................................................7

*Orloff v. Metropolitan Trust Co.,*

    17 Cal 2d 484 (1941)......................................................................................27

*People ex rel. Lungren v. Superior Court,*

    14 Cal.4th 294, 58 Cal. Rptr. 2d 855, 926 P.2d 1042 (1996) ......................3-4

*People v. Persolve, LLC,*

    218 Cal. App. 4th 1267 (Cal. App. 5th Dist. 2013) ............................1, 2, 4, 5

*Philpott v. City of Los Angeles,*

    1 Cal 2d 512 (1934)........................................................................................25

*RNC, Inc v. Tsgeletos,*

    231 Cal App 3d 967 (1991) ...............................................................20, 21, 22

*Resurgence Financial, LLC v Chambers,*

    173 Cal App 4th Supp 1 (2009 ................................................................18, 19

*Robin v. Smith,*

    132 Cal. App. 2d 288 (1955) ........................................................................26

*Ryman v. Sears, Roebuck & Co.,*

    505 F3d 993 (9th Cir. 2007) ...........................................................................6

*S.O.S., Inc. v. Payday, Inc.,*

    886 F. 2d 1081 (9th Cir. Cal. 1989)..............................................................22

*Santos v. LVNV Funding, LLC,*

    2012 U.S. Dist. LEXIS 8090 (N.D. Cal. Jan. 24, 2012).................................7

*Sial v. Unifund CCR Partners,*

    2008 U.S. Dist. LEXIS 66666 (S.D. Cal. Aug. 28, 2008).............................7

*Soltani v. Western & Southern Life Ins. Co.,*

    258 F3d 1038 (9th Cir. 2001) ..........................................................................1

*Taylor v. Quall,*

    458 F. Supp. 2d 1065 (C.D. Cal. 2006) .......................................................5, 6

*Tourgeman v. Collins Financial Services, Inc.,*

    2011 US Dist LEXIS 81070, Case No. 08-cv-1392- JLS-NLS  (SD Cal, July

    26, 2011) ......................................................................................................8, 9

*United Brotherhood of Carpenters & Joiners of America Local 586 v. NLRB,*

    540 F3d 957 (9th Cir. 2008) ...........................................................................2

*United Nat'l Maintenance, Inc. v. San Diego Convention Center, Inc.,*

    766 F3d 1002 (9th Cir. 2014) .........................................................................2

*Welker v. Law Office of Daniel J. Horwitz,*

    699 F. Supp. 2d 1164 (S.D. Cal. 2010) ..........................................................7

*Whittle v. Whittle,*

    5 Cal App 696 (1907) ...................................................................................27

*Yates v. Allied Int'l Credit Corp.,*

    578 F. Supp. 2d 1251 (S.D. Cal. 2008)...........................................................7

## United States Code

15 U.S.C. §§ 1692 *et seq.* ................................................................. passim

15 U.S.C. § 1692e ............................................................................. 12

15 U.S.C. § 1692f ............................................................................. 12

15 U.S.C. § 1692n ........................................................................... 14, 15

## California Civil Code

Cal. Civ. Code § 47 ........................................................................... 1, 7

Cal. Civ. Code § 47(b) ......................................................................... 4

Cal. Civ. Code §§ 1788-1788.32 .................................................... passim

Cal. Civ. Code § 1788.15(a) .................................................................. 3

Cal. Civ. Code § 1788.15(b) .................................................................. 3

Cal. Code Civ. Proc. § 337 ..................................................... 20, 23, 25, 26

Cal. Code Civ. Proc. § 337(1) ............................................................... 17

Cal. Code Civ. Proc. § 337(2) ............................................................... 23

Cal. Code Civ. Proc. § 339[1] ............................................................... 24

Cal. Code Civ. Proc. § 726 ................................................................... 26

**Delaware Code**

Delaware Ann. Code, Title 10, Chapter 81, § 8106 (1975) .........................17, 18, 24

Delaware Code, Title 10, Chapter 81, § 8106(a) ...............................................19, 22

Delaware Code, Title 10, Chapter 81, § 8108.........................................................19

Delaware Code, Title 10, Chapter 81, § 8109.........................................................19

Delaware Code, Title 10, Chapter 81, § 8110.........................................................19

Delaware Code, Title 10, Chapter 81, § 8117.........................................................18

Delaware Code, Title 10, Chapter 81, § 8119.........................................................19

Delaware Code, Title 10, Chapter 81, § 8127.........................................................19

**Other Authority**

3 Witkin, Cal. Procedure § 308 (3d ed. 1985) ........................................................10

I.      **Appellee's attempt at limiting California's intermediate appellate court decisions are futile.**

It appears that the question of whether California's litigation privilege, Civ. Code, § 47, applies to California's Rosenthal Act, Civil Code §§ 1788-1788.32, has never been reviewed by the Supreme Court of California, and consequently there is no controlling state precedent regarding this issue.    However, California intermediate appellate courts have, twice, held that the litigation privilege does apply to the Rosenthal Act.  *People v. Persolve, LLC*, 218 Cal. App. 4th 1267 (Cal. App. 5th Dist. 2013), and *Komarova v. National Credit Acceptance, Inc.*, 2009 Cal. App. LEXIS 1024 (Cal. App. 1st Dist. June 25, 2009).

In its Answering Brief, Appellee acknowledges these opinions, however, it then argues that two federal district court opinions have somehow limited these state appellate opinions. Appellant disagrees that they have been limited, but even if these district court opinions were attempting to limit the scope of these appellate court opinions, such attempt would have no impact here.  Absent controlling state precedent, the Ninth Circuit must attempt to predict how the state's highest court would decide the question.  *Ileto v. Glock Inc.*, 349 F3d 1191, 1200 (9th Cir. 2003); *Soltani v. Western & Southern Life Ins. Co.*, 258 F3d 1038, 1045-1046 (9th Cir. 2001).  In pursuing this goal, the Ninth Circuit may look to decisions by the state's intermediate appellate courts to predict how the Supreme Court of California would rule.  See *Estate of Martin v. California Dept. of Veterans Affairs*, 560 F3d

1042, 1051 (9th Cir. 2009); *Insurance Co. of Penn. v. Associated Int'l Ins. Co.*, 922 F2d 516, 520 (9th Cir. 1990). On state law issues, the Ninth Circuit follows these published decisions absent convincing evidence that the state's highest court would decide the matter differently. *United Nat'l Maintenance, Inc. v. San Diego Convention Center, Inc.*, 766 F3d 1002, 1008 (9th Cir. 2014); *Doe v. Gangland Productions, Inc.*, 730 F3d 946, 956 (9th Cir. 2013); *In re Schwarzkopf*, 626 F3d 1032, 1038 (9th Cir. 2010) (following state intermediate appellate court holding despite some inconsistency with state high court opinion); *compare, United Brotherhood of Carpenters & Joiners of America Local 586 v. NLRB*, 540 F3d 957, 970, fn. 12 (9th Cir. 2008) (rejecting state intermediate appellate decision where panel convinced state high court would decide issue differently).

California appellate courts have looked at this issue twice, and both times they have held that the litigation privilege does not apply to the Rosenthal Act. *Komarova v. National Credit Acceptance, Inc.*, 2009 Cal. App. LEXIS 1024 (Cal. App. 1st Dist. June 25, 2009); and *People v. Persolve, LLC*, 218 Cal. App. 4th 1267 (Cal. App. 5th Dist. 2013).

In *Komarova v. National Credit Acceptance, Inc.*, a California appellate court concluded that "[California's litigation privilege] cannot be used to shield violations of the [California's Rosenthal Act]. *Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 337 (Cal. App. 1st Dist. 2009). The *Komarova* court noted that while, at least up to that time, the issue had not been

discussed in any reported California state court case, it had been addressed by a number of federal district courts, and that while *some* of those decisions had found the privilege did apply, "most have concluded that the privilege must yield in this context." 175 Cal. App. 4th at 889. So when Appellee directs the Court to two of these cases, they are outliers. As the *Komarova* court stated, "most [federal courts] have concluded that the privilege must yield in this context."

The *Komarova* court also noted that were the privilege to apply, conduct specifically prohibited by California's Rosenthal Act could be easily circumvented by debt collectors, and support for such circumvention is exactly what Appellee, a debt collector, hopes the Court will provide here.

> We must nonetheless be mindful of the ease with which the Act could be circumvented if the litigation privilege applied. In that event, unfair debt collection practices could be immunized merely by filing suit on the debt. The defendants in [*Gerber v. Citigroup, Inc.*, 2009 U.S. Dist. LEXIS 11657 (E.D. Cal. Jan. 28, 2009)], […] for example, allegedly "'kept a state court collection lawsuit secret from plaintiff and his attorney for nearly a year while supposedly communicating in good faith as to an alleged debt.' … Plaintiff claims defendants did this 'so they could commit aggressive and egregious violations of fair debt collection laws while retaining a hidden 'hole card' for privilege … .'" Moreover, the Act's prohibitions of deliberate neglect of service of process (§ 1788.15, subd. (a)) and distant forum abuse (§ 1788.15, subd. (b)) would be nullified by the privilege. The Legislature presumably would not have included those protections in the Act if it intended for the privilege to apply. Further, as noted in [*Butler v. Resurgence Fin., LLC*, 521 F. Supp. 2d 1093 (C.D. Cal. 2007)], […] the Act is "a remedial statute [that] should be interpreted broadly in order to effectuate its purpose." (See *People ex rel. Lungren v. Superior*

> *Court* (1996) 14 Cal.4th 294, 313 [58 Cal. Rptr. 2d 855, 926 P. 2d 1042] ["civil statutes for the protection of the public are, generally, broadly construed in favor of that protective purpose"].) For these reasons, we conclude that the Act would be significantly inoperable if it did not prevail over the privilege where, as here, the two conflict.

*Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 340 (Cal. App. 1st Dist. 2009).

Subsequently, in a second appellate decision, *People v. Persolve, LLC*, 218 Cal. App. 4th 1267 (Cal. App. 5th Dist. 2013), the outcome was the same. In *Persolve*, the State of California sued an abusive debt collector, Persolve, LLC, along with Persolve's attorneys. Persolve, like most debt collectors, purchased old defaulted debts for pennies on the dollar, and then sued on those debts for the entire amount. Persolve's attorneys would then send letters to the debtors demanding payment. Those letters contained misleading statements that unlawfully threatened postjudgment remedies to which Persolve was not entitled, and failed to make full disclosures that are required by California's Rosenthal Act, and the FDCPA. *Persolve* at 1271-1272. Persolve asserted, just as in *Komarova*, and just as Appellee does here, that the action against it was barred by the litigation privilege, Civ. Code, § 47, subd. (b). *Id.* at 1275-1277.

Again the Court of Appeal of California rejected this argument, citing the analysis in *Komarova*. "The [*Komarova*] court concluded that the California Act was the more specific statute and that the California Act would be significantly

inoperable if it did not prevail over the privilege where the two conflict." *People v. Persolve, LLC*, 218 Cal. App. 4th 1267, 1275 (Cal. App. 5th Dist. 2013), citing *Komarova*, 175 Cal.App.4th at pp. 339–340. (The court in *Komarova* reasoned that allowing the privilege to immunize Rosenthal Act violations "would effectively vitiate the [Act] and render the protections it affords meaningless." 175 Cal. App. 4th at 338 (internal quotation marks omitted).)  See also,  *Banga v. Equifax Info. Servs. LLC*, 2015 U.S. Dist. LEXIS 79342 (N.D. Cal. June 18, 2015):

> Meanwhile, certain provisions of the Act — i.e, those that apply specifically to conduct occurring in judicial proceedings — would be effectively "nullified by the privilege." *Id*. The court [in *Komarova*] concluded that "the Act would be significantly inoperable if it did not prevail over the privilege where, as here, the two conflict." *Id*. As a result, the court "applie[d] the familiar principle of statutory construction that, in cases of irreconcilable conflict, the specific statute prevails over the general one" and removed the Rosenthal Act from the scope of the privilege. [*Komarova*] at 338.

*Banga*, at \*13.

    That said, for its sole reliance here Appellee continues to argue that the Court should give deference to the two federal district court decisions that are contrary to the California appellate courts, *Boon v. Prof'l Collection Consultants*, 958 F. Supp. 2d 1129 (S.D. Cal. 2013) and *Taylor v. Quall*, 458 F. Supp. 2d 1065 (C.D. Cal. 2006), for evidence of how the Supreme Court of California would decide this question.  Appellee's argument is flawed as the Ninth Circuit has held that opinions from federal district courts on a question of state law do not

constitute the "convincing evidence" required to establish that the state's highest court would decide the issue differently than did the state's intermediate appellate courts. *Ryman v. Sears, Roebuck & Co.*, 505 F3d 993, 995, fn. 1 (9th Cir. 2007); *Daniel v. Ford Motor Co.*, 806 F3d 1217, 1222-1223 (9th Cir. 2015) (Although federal district courts were divided on issue of state law, Ninth Circuit adhered to intermediate state appellate court decision interpreting state law.) Further, as the *Komarova* court stated, "most [federal courts] have concluded that the privilege must yield in this context." For its argument Appellee looks to two aberrations, with one of these two cases, *Taylor v. Quall,* being issued well before the district court had the benefit of the California appellate court's reasoning in *Komarova.*

Finally, while opinions from federal district courts on a question of state law cannot constitute the "convincing evidence" required to establish that the state's highest court would decide the issue differently than did the state's intermediate appellate courts, because Appellee relies only so heavily on federal district court decisions Appellant would be remiss if it did not at least point out, just as the court did in *Komarova*, that the vast majority of the district courts that have addressed this issue have *also* found that California's litigation privilege does not apply to California's Rosenthal Act. This is especially true since *Komarova* was issued. *Huy Thanh Vo v. Nelson & Kennard,* 931 F. Supp. 2d 1080, 1096-1097 (E.D. Cal. Mar. 15, 2013) ("What is notable is that since the issuance of *Komarova - i.e.,* the sole published decision by a California appellate court to address this issue - not a

single federal court has found Rosenthal Act claims to be barred by the litigation privilege.") See also, *Holmes v. Electronic Document Processing, Inc*, 966 F. Supp. 2d 925, 935-937 (N.D. Cal, August 5, 2013) ("In fact, district courts have generally interpreted *Komarova* as holding broadly that '[t]he California litigation privilege … does not apply to [Rosenthal Act] violations.'").[1]

In summary, before and after *Komarova*, the district courts have overwhelming held that the Cal. Civ. Code § 47 does not apply to California's Rosenthal Act, with one exception; *Boon v. Prof'l Collection Consultants*, 958 F.

---

[1] See also, *Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp. 2d 1164 (S.D. Cal. 2010) (same); *Santos v. LVNV Funding*, LLC, 2012 U.S. Dist. LEXIS 8090 (N.D. Cal. Jan. 24, 2012) (same); *Do v. Hollins Law, P.C.*, 2013 U.S. Dist. LEXIS 109867 (N.D. Cal. Aug. 5, 2013) (same); *Ansari v. Elec. Document Processing Inc.*, 2013 U.S. Dist. LEXIS 124798 (N.D. Cal. Aug. 28, 2013) (same); and *Bonilla v CACH, LLC*, Case No. 14-cv-0465 W BLM at *3-5 (SD Cal, March 30, 2015) (same). And even cases ruled on by federal district court before *Komarova*, were largely in favor of *Komarova's* eventual holding. See *Mello v. Great Seneca Fin. Corp.*, 526 F. Supp. 2d 1024 (C.D. Cal. 2007); *Oei v. N Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006); *Butler v. Resurgence Fin., LLC*, 521 F. Supp. 2d 1093 (C.D. Cal. 2007); *Sial v. Unifund CCR Partners*, 2008 U.S. Dist. LEXIS 66666 (S.D. Cal. Aug. 28, 2008); *Yates v. Allied Int'l Credit Corp.*, 578 F. Supp. 2d 1251 (S.D. Cal. 2008) ("This Court agrees with the decisions declining to apply the litigation privilege to the Rosenthal Act. At this point, there is sufficient direct precedent, generated by the district courts within the Ninth Circuit, excepting the Rosenthal Act from the scope of the privilege."); *Johnson v. JP Morgan Chase Bank*, 536 F. Supp. 2d 1207 (E.D. Cal. 2008), and *Gerber v. Citigroup, Inc.*, 2009 U.S. Dist. LEXIS 11657 (E.D. Cal. Jan. 28, 2009).

Supp. 2d 1129 (S.D. Cal. 2013), the only post-*Komarova* case that the district court relied upon here, and the only post-*Komarova* case that Appellee relies on as well.

## II. Appellee has failed to meet the Ninth Circuit's standard for waiver set out in *Clark v. Capital Credit & Collection Svcs., Inc.*

On December 5, 2012, LVNV filed suit against Ordinario in the Superior Court of California for the County of San Diego, in the matter of *LVNV Funding, LLC v. Rosanto Ordinario, et al*, case number 37-2012-00086895-CL-CL-CTL ("State Court Action"). [E.R. 0168-1070]

When LVNV did so, two things occurred. The first is procedural in nature, and occurs under state law. LVNV placed their claims of a debt before the California state court system, and set in motion the litigation process, which ends when the state court makes a finding on the questions placed before it.

The second is substantive in nature, and occurs under federal law. When LVNV filed the State Court Action, they misrepresented the legal status of their claims to Ordinario. That misrepresentation, the act of filing a time barred lawsuit, is the act that violated the FDCPA and that gave rise to this federal action. The violation occurred when LVNV filed their State Court Complaint. *Tourgeman v. Collins Financial Services, Inc*, 2011 US Dist LEXIS 81070, case no 08-cv-1392-JLS-NLS *4 (SD Cal, July 26, 2011) (**"**Strict liability attaches when the debt collector mails the letter and makes the representation.")

LVNV's entire argument on waiver is premised upon conflating these two separate processes. The thrust of LVNV's argument is that this Court should concatenate these two issues and ignore that they deal with different claims, different sets of rights, under different bodies of laws, in separate court systems. LVNV wants this Court to "unring the bell" and absolve LVNV of what they did on December 5, 2012, based on Ordinario's failure to "preserve" his procedural rights in state court *after* LVNV already violated the FDCPA.

The Ninth Circuit has already determined that consumers such as Ordinario do not need to do anything to preserve their rights under the FDCPA. *Gonzales v. Arrow Financial Services, LLC* 660 F 3d 1055, 1062 (9th Cir 2011). ("... consumers are under no obligation to seek explanation of confusing or misleading language in debt collection letters."), see also *Tourgeman* at *4 ("Clearly, the FDCPA's focus is on a debt collector's conduct....").

Yet LVNV insists that by failing to include the correct language in Ordinario's *pro per* answer, Ordinario accidentally freed LVNV from the responsibility to comply with the FDCPA. This argument is directly contradicted by this Court's ruling in *Clark v. Capital Credit & Collection Svcs., Inc*., 460 F.3d 1162 (9th Cir. 2006).

The first area, the procedural stance of the State Court Action, is governed by state law, and any "waiver" is limited to that procedure.

The second area, Ordinario's federal rights under the FDCPA, is governed not by California state procedural law, but rather by the intent of Congress as interpreted by this Circuit. Under the decisional law of this circuit, Ordinario cannot accidentally "waive" a prior bad act by LVNV just because he does not has the legal expertise to know the applicable statute of limitations and cite this language in a pro per state court answer.

## III. Appellee's numerous other ancillary arguments and issues are meritless.

### A. Argument concerning California state procedural law is inapposite.

California's state law deals with the first issue, the process in state court litigation alone. (3 *Witkin, Cal. Procedure* (3d ed. 1985) § 308, p. 337.) "Limitations periods represent a public policy about the privilege to litigate; they relate to matters of procedure, not to substantial rights. *Nelson v. Flintkote*, 172 Cal. App. 3d 727, 733 (1985).

Had LVNV proceeded to trial, Ordinario could simply have amended his answer to include his statute of limitations defense: any "waiver" would be dispensed with as long as he amended before trial.

> With respect to the amendment of pleadings there has developed in this state a policy of great liberality in allowing amendments at any stage of the proceeding so as to dispose of cases upon their substantial merits where the authorization does not prejudice the substantial rights of others. The rule of

> liberality is particularly important where, as in the present case,
> an amendment is sought to an answer.

*Dunzweiler v Sup Ct,* 267 Cal App 2d 569, 576 (1968) (citations omitted) (emphasis added).

However, when LVNV dismissed the State Court Action, they denied Ordinario the opportunity to amend his answer. This is of little consequence under California procedural law as the only "waiver" that has occurred is procedural in nature, and upon dismissal, the entire "procedure," the process of litigation to trial in state court, stopped.

LVNV has gone to great lengths to convince the district court, and now to convince this Court, that the above procedural "waiver" of what arguments Ordinario could present in state court amounts to a waiver of Ordinario's substantive federal rights under the FDCPA, but this argument finds no support in federal substantive law either.

**B.    Federal substantive law is applicable here.**

The Ninth Circuit held in *Clark v. Capital Credit & Collection Svcs., Inc.,* 460 F.3d 1162 (9th Cir. 2006) that a consumer's substantive rights under the FDCPA could only be waived is the waiver were knowing and voluntary, and if such a waiver did not violate the policies underlying the FDCPA. See *Clark* at 1170 (no waiver if "inconsistent with the provision creating the right sought to be

secured") and 1171 (waiver enforceable "only where the least sophisticated debtor

would understand that he or she was waiving his or her rights…")

The Ninth Circuit then went on to state that violations of 15 U.S.C. § 1692e

and f, the same violations at issue here, could not be waived, *per se*.

> Out of an abundance of caution, we further note what should
> be obvious: a consumer's consent cannot waive protection from
> the practices the FDCPA seeks to eliminate, such as false,
> misleading, harassing or abusive communications. Permitting
> such a waiver would violate the public policy goals pursued by
> the FDCPA. See [*New York v. Hill*, 528 U.S. 110, 16 (U.S.
> 2000)]; accord *Johnson v. Eaton*, 873 F.Supp. 1019, 1028
> (M.D.La.1995) (finding that an alleged waiver defense could
> not "operate as a waiver of the plaintiff's protection against
> receiving false or misleading communications").

*Clark* at 1171, fn 5 (emphasis added).

Federal public policy does not change depending on whether or not a *pro per*

consumer knows how to properly raise their defenses in state court.    Either

Ordinario's rights under 15 U.S.C. § 1692e and f can be waived, or they cannot.

It is also worth noting that the waiver at issue in *Clark* was a waiver before

the bad act occurred.  Here LVNV claims that Ordinario could accidentally waive

his rights after a bad act that already occurred.  LVNV does not state how such a

waiver of past bad acts could possibly benefit Ordinario, which is the entire

rationale for permitting waiver at all under *Clark*.

**1.    The least sophisticated debtor standard applies here.**

LVNV also argues that *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007) stands for the proposition that the "least sophisticated debtor" standard does not apply to Ordinario because Ordinario eventually retained counsel. This is incorrect. What *Guerrero v. RJM Acquisitions LLC* actually held was that communications directed only to a consumer's attorney are not subject to the FDCPA.

> But we hold that communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the Act.

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 936 (9th Cir. 2007).

Here the communication in question, the State Court Complaint, was not directed to any attorney, and Ordinario filed his answer in *pro per*. [E.R. 0029, lines 18-20]. There is no indication in *Guerrero v. RJM Acquisitions LLC* that retaining counsel weeks or months after the bad act in question somehow excuses the bad act, or changes the standard under which that act is judged, or any alleged waiver of that bad act. Indeed, to do so would vitiate the Act itself, as most consumers retain counsel when they file suits under the FDCPA. This argument is simply vacuous.

**2.    California state procedural law does not preempt federal law.**

LVNV's argument, in essence, is that this Court should ignore its own holding in *Clark v. Capital Credit & Collection Svcs., Inc*, and instead adopt the

position that California state procedural law on when a defendant can argue an affirmative defense at trial should take precedence. As the Supreme Court stated in *English v. Gen. Elec. Co.*, 496 U.S. 72, 80, 110 S. Ct. 2270, 110 L. Ed. 2d 65 (1990), "[f]inally, state law is preempted to the extent that it actually conflicts with federal law."

Where California state courts are simply applying California state law on procedural waivers at trial of affirmative defenses in the context of a state court trial, as intended by the California legislature, there is no conflict, and therefore no need for preemption. However, to the degree that this Court is inclined to apply the California standard for a procedural waiver to Ordinario's substantive federal rights under the FDCPA, there is a clear and direct conflict with this Court's own holding in *Clark v. Capital Credit & Collection Svcs., Inc*, and in that situation, California law is preempted.

This outcome is entirely consistent with the language Congress drafted at 15 USC 1692n regarding the FDCPA:

> This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

*Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066-1067 (9th Cir. Cal. 2011), citing 15 U.S.C. § 1692n.

To apply California procedural law to Ordinario's FDCPA claims would provide less relief than that provided under the FDCPA as laid out in *Clark v. Capital Credit & Collection Svcs., Inc,* and thus under the express language of the FDCPA those provisions of state law are preempted.

**3.     Appellee's state court claims were time barred under any scenario.**

The district court never reached the issue of whether or not LVNV's state court claims against Ordinario were time barred, nor was that issue a basis for the district court's ruling.   Regardless, LVNV, in their briefing, asks this Court to decide that issue, and Ordinario addresses these claims below.

**a.     Brief factual background.**

As LVNV's arguments delve into factual contentions beyond those at issue in Ordinario's Opening Brief, a brief recitation of those additional facts is in order:

> On or about September 25, 2008, Chase Bank USA, NA ("Chase") acquired all of Washington Mutual's credit card accounts including the Account at issue here. [E.R. 0029]. At some point between August 1, 2009 and February 22, 2010, Chase sent a form contract ("Chase Account Agreement") to Ordinario, regarding the Account.

[E.R. 0179, 188-192, and 196].

The Chase Account Agreement sent to Ordinario provided at page four under the heading "Governing Law" as follows:

> The terms and enforcement of this agreement and your account shall be governed and interpreted in accordance with federal law and, to the extent that state law applies, the law of Delaware, without regard to conflict of law principles. The law of Delaware, where we and your account are located, will apply no matter where you live or use the account."

[E.R. 0179, 188-192, and 196]. The last purchase made on the Account was on July 18, 2008, and by July 22, 2008, Ordinario exceeded the credit limit for the Account. [E.R 195-196].

While Ordinario made some payments on the account after this date, the overlimit fees, late fees and compound interest imposed exceeded Ordinario's payments, and Ordinario's balance was over his credit limit every month after that. [E.R 195-196] Ordinario was unable to make any purchases after June 22, 2008. [E.R 195-196] The last payment made on the Account was on June 18, 2009. [E.R. 0029 and 196]. The Chase Account Agreement, and no other, governed the Account at issue at the time the Account closed. [E.R. 0179, 188-192].

On December 5, 2012, LVNV filed suit against Ordinario, in the matter of LVNV Funding, LLC v. Rosanto Ordinario, et al, case number 37-2012-00086895-CL-CL-CTL ("State Court Action"). [E.R. 0168-1070].

### 4. Delaware law governs the account here.

LVNV claims that California will not honor a Delaware choice of law clause. California caselaw provides otherwise.

California will generally enforce most foreign choice of law clauses.

> No satisfying reason of public policy has been suggested why enforcement should be denied a forum selection clause appearing in a contract entered into freely and voluntarily by parties who have negotiated at arm's length.

*Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459, 464 (1992).

This general policy in favor of enforcement of foreign choice of law clauses extends to foreign statutes of limitations.

> Thus, California's conflict of laws principles treat the statute of limitations in the same manner as any other issue, and the courts of this state do not automatically apply California's statutes of limitations in every case.

*Hambrecht & Quist Venture Partners v. American Medical Internat., Inc*. (1995) 38 Cal.App.4th 1532, 1543.

It is worth noting that the foreign statute of limitations at issue in *Hambrecht* was Delaware Code §8106, the same statute at issue here.

> In this case, the choice-of-law provision results in the application of Delaware's three-year statute of limitations (Del. Code Ann. tit. 10, § 8106 (1975)) to claims (for breach of contract and declaratory relief) that otherwise would be governed by California's four-year statute of limitations (Code. Civ. Proc., § 337, subd. 1). This result does not conflict with any fundamental policy of California. If the parties to a contract can shorten California's four-year limitations period to three months, we perceive no obstacle to applying a foreign state's three-year statute of limitations. Accordingly, the choice-of-law clause is enforceable.

*Hambrecht* at 1549.

LVNV points to *Havlicek v. Coast-to-Coast Analytical Services*, 39 Cal. App. 4th 1844 (1995) for the proposition that California courts will not enforce a

foreign choice of law contractual provision. This case, however, is distinguishable as the corporation in that case was based in California, as opposed to Chase Bank, which is not, and California public policy is to treat corporations based in California as if they were California corporations. See *Havlicek* at 1849 and 1852.

In this case, Chase Bank is not located in California, and so there is no public policy of treating Chase Bank as a California corporation. In the contract governing the account at issue, Ordinario and Chase Bank agreed that:

> The terms and enforcement of this agreement and your account shall be governed and interpreted in accordance with federal law and, to the extent that state law applies, the law of Delaware, without regard to conflict of law principles. The law of Delaware, where we and your account are located, will apply no matter where you live or use the account."

[E.R. 0179, 188-192, and 196].

Where the Delaware party is actually located in Delaware, California's public policy is to enforce Delaware choice of law clauses.

> We hold that (1) Delaware's statute of limitations governs Resurgence's causes of action because the credit card agreement contains a Delaware choice-of-law clause and one of the original contracting parties was a Delaware corporation; (2) applying Delaware law, the action is barred by the three-year limitations period of title 10, section 8106 of the Delaware Code; and (3) section 8117 did not toll the statutory period.

*Resurgence Financial, LLC v Chambers* 173 Cal App 4th Supp 1, 4 (2009).

LVNV ignores the authority above, and urges this Court to do the same, based on *Boon v. Prof'l Collection Consultants*, 978 F. Supp. 2d 1157 (S.D. Cal., Oct 17, 2013).

In predicting how the California Supreme Court would rule on issues of state law, there is no reason to think that the California Supreme Court would ignore California's own published appellate body of law in favor of the contrary position taken by the *Boon* court, particularly since Boon provides no substantive reason to ignore *Nedlloyd Lines B.V. v. Superior Court, Hambrecht & Quist Venture Partners v. American Medical Internat., Inc* and *Resurgence Financial, LLC v Chambers*.

**5.      LVNV's Open Book Account claims were time barred under both Delaware and California law.**

Under Delaware Code § 8106(a), LVNV had three years from accrual to file their claim of open book account.

> Delaware Code, Title 10, Chapter 81, § 8106(a) provides that:
> (a) No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of §§ 8108-8110, 8119 and 8127 of this title.

(Emphasis added).

Here, the last purchase made on the Account was on July 18, 2008 and the last payment made on the Account was on June 18, 2009. [E.R 195-196]. As LVNV filed their claims on December 5, 2012, more than three years after either of these events, LVNV's open book account claim is time barred.

As for California, LVNV's Open Book Account claims are also time barred under California law. While Open Book Account claims are subject to a four-year statute of limitations under California's Code of Civil Procedure §337, that statute began to run more than four years prior to the filing of LVNV's State Court Action.

Under *RNC, Inc v. Tsgeletos*, the statute of limitations on an open book account runs from the last transaction prior to the date that the creditor ceases to extend credit, and not from the last date of a later partial payment.

> A book account does not remain open indefinitely so that any payment towards the debt necessarily becomes an "entry" for purposes of the applicable limitations period. Instead, a book account like any open account becomes closed once the account creditor ceases to extend credit and there will be no further activity on the account other than the payments by a creditor towards the settled debt.

*RNC, Inc v. Tsgeletos*, 231 Cal App 3d 967, 972 (1991).

Code of Civil Procedure §337 provides that suit must be filed within four years from the last "item," and "the time shall begin to run from the date of the last item." Under *RNC, Inc v. Tsgeletos*, that "item" must occur prior to the date on

which the "the account creditor ceases to extend credit and there will be no further activity on the account other than the payments…."

Here, the last purchase made on the Account was on July 18, 2008, and by July 22, 2008, Ordinario exceeded the credit limit for the Account. [E.R 195-196]. While Ordinario made some payments on the account after this date, the overlimit fees, late fees and compound interest imposed exceeded Ordinario's payments, and Ordinario's balance was over his credit limit every month after that. [E.R 195-196]. Ordinario was unable to make any purchases after June 22, 2008. [E.R 195-196]. All Ordinario could do on the Account was make payments, as there was no credit available, and under *RNC, Inc v. Tsgeletos* the Account was closed for purposes of the state of limitations.

Because no credit was available on the Account after July 22, 2008, and the last "item" preceding that date occurred on July 18, 2008, the statute of limitations for LVNV's Open Book Account claim began to run on July 18, 2008, and this claim was time barred under California law when filed.

### 6. LVNV's Account Stated claims were time barred under both Delaware and California law.

There is an open question as to whether LVNV's Account Stated claim was subject to Delaware law: it appears that there was no account stated, despite LVNV's claims to the contrary. This, of course, is why it would be helpful to have

a District Court finding prior to raising this issue on appeal. It is difficult to ascertain whether a non-existent contract has a Delaware choice of law clause.

> Under California law, an account stated is a new contract, and an action on it is not based on the original contract, but on the balance confirmed by the parties.

*S.O.S., Inc. v. Payday, Inc*., 886 F. 2d 1081, 1091 (9th Cir. Cal. 1989) [citation omitted] (emphasis added) LVNV has not provided any evidence of any such new contract. In fact, the parties stipulated to exactly the opposite: LVNV has already stipulated that the Account was governed by the Chase Account Agreement at the time the Account closed. [E.R. 0179 and 188-192].

**7. In any case, LVNV's claims are time barred under both Delaware and California law.**

As noted above, under Delaware Code § 8106(a), LVNV had three years from accrual to file their claims, and failed to do so. The result is no different under California law.

As shown above, the trigger for the statute of limitations for Open Book Account is the last "item" or transaction prior to the date the creditor ceases to extend credit, under *RNC, Inc v. Tsgeletos*. The same rule applies to LVNV's claim of Account Stated, as the Legislature provided for the same date for the running of the statute: the last "item."

In 1917, Code of Civil Procedure §337 was amended to place claims for Open Book Account, Account Stated and "Open Mutual and Current Account" on the same basis: the statute of limitations was to be the same for all three.

> When the amendment of 1917 was made we think that the legislature sought to eliminate any distinction as to accounts generally and sought to place actions to recover (1) upon a book account whether open or not; (2) upon an account stated; (3) a balance due upon a mutual, open, and current account all on the same basis.

*Bailey v. Hoffman*, 99 Cal App 347, 351(1929).

> The rule has long been settled in this state with reference to "a mutual, open and current account" mentioned in subdivision 2, section 337 of the Code of Civil Procedure, that the statute runs from the date of the last item shown in the account. [Citation omitted] The evident purpose of the amendment, subdivision 2, section 337 of the Code of Civil Procedure, was to put an open book account upon the same basis.

*Furlow Pressed Brick Co v. Balboa Land & Water Co* 186 Cal 754 (1921) (emphasis added).

As the Court found in *Bailey v. Hoffman* and *Furlow Pressed Brick*, the intent of the 1917 amendment to Code of Civil Procedure §337 was to place Open Book Account, Account Stated and "Mutual, Open and Current Account" on the same basis: a four-year statute of limitation that ran from the last "item" on the account. Under this standard, LVNV's Account Stated claims are time barred under for the same reasons that their Open Book Account claims are time barred.

**8.      LVNV's Assumpsit claims were also time barred under both Delaware and California law.**

Under California law, *assumpsit* claims arise in quasi contract and so are not based on any written contract.  As such, foreign choice of law clauses would not typically apply, as these require a express contract.   Regardless, these claims are time barred under the laws of Delaware and California.

**a.      Delaware Law.**

As shown above, any "action to recover a debt not evidenced by a record or by an instrument under seal" or "action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations" is subject to a three year statute of limitations under Delaware Ann. Code §8106. As three years passed between the last payment the filing of the State Court Action, LVNV's claims are time barred.

**b.      California Law.**

California authority on this issue holds that in the absence of fraud or mistake the applicable statute of limitations for claims of assumpsit is two years.

> Ordinarily an action for money had and received must be commenced within two years after the money is received.

*Fall v. Lincoln Mortgage Co* 115 Cal App 651, 654 (1931).

> …if we assume the two- year period applies, as for money had and received (Code Civ. Proc., 339[1]….

*Franck v. J.J. Sugarman Co* 40 Cal 2d 81, 90 (1952); See also *Bowden v. Robinson* 67 Cal App 3d 705, 718 (1977).

The reason that *assumpsit* claims are subject to a two years statute of limitations is because they are not based on an express contract, but rather upon a promise implied by law. In other words, they arise in quasi-contract, as does unjust enrichment. It does not matter for purposes of the statute of limitations whether there actually was an express contract between the parties, as any such contract is waived when that party elects the remedy of assumpsit:

> If money has been paid under such contract, the right of the party defrauded to waive the tort and recover such payment on the theory of an implied contract, in general assumpsit, is very generally recognized. . . . The right to recover in assumpsit assumes that on discovering the fraud the party defrauded elects to disaffirm the express contract.…

*Philpott v. City of Los Angeles* 1 Cal 2d 512, 520 (1934) (emphasis added)

Because LVNV's assumpsit claims are quasi-contractual, and thus based upon a promise implied by law, they cannot meet Code of Civil Procedure §337's requirement that the claim be based on an instrument in writing.

It does not matter whether a written contract is also at issue in the action, because quasi-contractual claims are by definition not based on an express contract.

In *FDIC v Dintino*, for example, even though the plaintiff sued for breach of contract, one of the plaintiff's alternate claims, a quasi-contractual claim for unjust

enrichment was found to be subject to a three year statute of limitations precisely because it was quasi-contractual.

> Bank's cause of action for unjust enrichment based on its mistaken request for recordation of the Reconveyance is not based on, and does not arise out of, a written contract (i.e., the Note), but rather is based on an obligation implied by law because of the equities in the circumstances of this case. Furthermore, were the section 337 "written contract" limitations statute to apply, it would, as Dintino argues, necessarily be inconsistent with the trial court's conclusion that the section 726 one-action rule precluded an action on the Note. Accordingly, the four-year statute of limitations under section 337 does not apply to bar Bank's unjust enrichment cause of action.

*FDIC v Dintino*, 167 Cal App 4th 333, 347 (2008).

**9.      Pairing contractual and quasi-contractual claims does not confer a four year statute of limitations on a quasi-contractual claim.**

LVNV cites California Judicial Council forms, hardly a weighty source of authority, and dicta from *Robin v Smith.* The dicta cited, was based not on authority regarding assumpsit, but on  language from *Bailey v Hoffman*, regarding a different theory, Open Book Account.

However, even if the applicable statute of limitations were four years, LVNV's claim would still be time barred because it is the *receipt of consideration* which triggers the statute of limitations and Ordinario did not receive any consideration within the four years prior to the filing of the state court action. [E.R. 0195-0196].

> Ordinarily an action for money had and received must be commenced within two years after the money is received (emphasis added).

*Fall v. Lincoln Mortgage Co* 115 Cal App 651, 654 (1931).

> Upon discovering that the note had been paid to defendant, he had the right to bring an action for money had and received to his use. The statute of limitations in such case would not begin to run until the money was received by defendant.(emphasis added).

*Whittle v. Whittle* 5 Cal App 696, 699 (1907); See also *Orloff v. Metropolitan Trust Co* 17 Cal 2d 484, 489 (1941).

Here, the last date on which Ordinario received any consideration was on July 18, 2008. [E.R. 0195-0196]. LVNV filed their State Court Action on December 5, 2008. [E.R 00168-0170]. As more than four years elapsed between the last receipt of consideration on the account at issue, and the filing date of this action, LVNV filed their assumpsit claims well in excess of California's two and four year statutes of limitations.

There is no scenario under which LVNV's claims are not time barred.

**Respectfully submitted, November 4, 2016:**

By: /s/ Clinton Rooney

225 Broadway Ste 1900
San Diego, CA 92101
(619) 232-1717

---

**IV.    Certificate Of Service.**

I, Clinton Rooney, certify that on or about November 4, 2016, a copy of Appellant's Reply Brief, consisting of 6,983 words, along with an Excerpt of Record, were sent to Yu Mohandesi LLP, via overnight mail, postage prepaid:

*Counsel for Defendant/Appellees*

Brett Goodman, Esq.
Ben Mohandesi, Esq.
**Yu Mohandesi LLP**
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
Telephone: (213) 377-3543

Dated: November 4, 2016

By: /s/ Clinton Rooney

225 Broadway Ste 1900
San Diego, CA 92101
(619) 232-1717

| 9th Circuit Case Number(s) | 16-55417 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)  | Nov 4, 2016 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)  | s/Clinton Rooney |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)  | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)  | |